■ EDWARD DE PAOLIS, Appellant, v CITY OF NEW YORK et al., Respondents. — In a negligence action to recover damages for personal injuries, the plaintiff appeals, on the ground of inadequacy, from a judgment of the Supreme Court, Kings County (Weisberg, J.), entered April 2, 1981, which awarded him the principal sum of $3,000, after a jury trial. Judgment affirmed, with one bill of costs payable jointly to defendants appearing separately and filing separate

briefs. In this action the plaintiff seeks to recover damages for injuries to his neck, back, shoulder and left knee, allegedly sustained on July 17, 1975 when the automobile in which he was a passenger was involved in a collision. In the damages portion of the bifurcated trial, the defendants apparently did not dispute that, in the accident of July 17, 1975, the plaintiff sustained the relatively mild injuries to his neck, back and shoulder, from which injuries he had fully recovered, nor that the plaintiff was suffering from a serious injury to his left knee at the time of the trial, but they vigorously contested the plaintiff's claim that the knee injury was causally related to the accident. The jury awarded the plaintiff the sum of $3,000, representing his injuries, his conscious pain and suffering and the permanency of his injuries, if any. Plaintiff does not claim that this amount is inadequate to compensate him for the injuries he sustained apart from the claimed injury to his knee. It is clear from our review of the record that implicit in the verdict is the finding that the knee injury did not result from the July 17, 1975 accident. This was an issue of fact for the jury and, on this record, their finding is not against the weight of the evidence. Further, the trial court did not abuse its discretion in permitting cross-examination on the extent of the plaintiff's participation in football prior to the accident. Cohalan, J. P., O'Connor, Thompson and Bracken, JJ., concur.